**In re Petition for DISCIPLINARY ACTION AGAINST Randall D. B. TIGUE, a Minnesota Attorney, Registration No. 110000.**

**No. A13–0519.**

Supreme Court of Minnesota.

April 28, 2014.

ORDER

By opinion filed on March 12, 2014, we suspended respondent Randall D. B. Tigue from the practice of law for a minimum of

30 days, effective 14 days from the date of the filing of the opinion. Respondent has filed an affidavit seeking reinstatement in which he states that he has fully complied with the terms of the suspension order, except for successful completion of the professional responsibility portion of the state bar examination. The Director of the Office of Lawyers Professional Responsibility does not oppose the request.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that:

1. Respondent Randall D. B. Tigue is conditionally reinstated to the practice of law in the State of Minnesota, subject to his successful completion of the professional responsibility portion of the state bar examination, and is placed on disciplinary probation for 2 years subject to the following terms and conditions:

(a) Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with his probation and promptly respond to the Director's correspondence by the due date. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation;

(b) Respondent shall abide by the Minnesota Rules of Professional Conduct;

(c) Respondent shall maintain law office and trust account books and records in compliance with Minn. R. Prof. Conduct 1.15 and Appendix 1. These books and records include the following: client subsidiary ledgers; checkbook register; monthly trial balances; monthly trust account reconciliation; bank statements; canceled checks; duplicate deposit slips; and bank reports of interest, service charges, and interest payments to the Minnesota IOLTA program. Such books and records shall be made available to the Director within 30 days from the date of the filing of this order and thereafter at such intervals as the Director deems necessary to determine compliance;

(d) Respondent shall hire a certified public accountant (CPA) who will directly supervise the maintenance of respondent's trust account books and records; and

(e) Respondent shall provide the Director with monthly certifications, signed by the CPA, that all trust account books and records are being maintained and that respondent's trust account has not been overdrawn; and

2. By March 12, 2015, respondent shall comply with Rule 18(e)(3), Rules on Lawyers Professional Responsibility (RLPR), by filing with the Clerk of Appellate Courts and serving upon the Director proof of respondent's successful completion of the professional responsibility portion of the state bar examination. Failure to do so shall result in automatic re-suspension pending proof of successful completion of the examination, pursuant to Rule 18(e)(3), RLPR.

BY THE COURT:

/s/Alan C. Page
Associate Justice